# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
David Stein (DS 2119)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
dstein@samuelandstein.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Tony Tello, on behalf of himself and all other persons similarly situated, | |
| Plaintiff, | DOCKET NO. 17-CV-749 |
| - vs. – | **COMPLAINT** |
| A.N.G. Diner Corp. d/b/a Silver Spoon Diner, Halkios Restaurant Corp. d/b/a Silver Spoon Diner, Xiotis Rest. Corp. d/b/a Silver Spoon Diner, George Rakitzis, Nick Rakitzis, and Anna Maidiotis, | |
| Defendants. | |

Plaintiff Tony Tello, by and through his undersigned attorneys, for his complaint against defendants A.N.G. Diner Corp. d/b/a Silver Spoon Diner, Halkios Restaurant Corp. d/b/a Silver Spoon Diner, Xiotis Rest. Corp. d/b/a Silver Spoon Diner, George Rakitzis, Nick Rakitzis, and Anna Maidiotis alleges as follows, on behalf of himself and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.     Plaintiff Tony Tello alleges on behalf of himself and on behalf of other similarly situated current and former employees of defendants A.N.G. Diner Corp. d/b/a Silver Spoon Diner, Halkios Restaurant Corp. d/b/a Silver Spoon Diner, Xiotis Rest. Corp. d/b/a Silver Spoon Diner, George Rakitzis, Nick Rakitzis, and Anna Maidiotis, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2.     Mr. Tello further complains on behalf of himself and on behalf of a class of other similarly situated current and former employees of defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to (i) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (ii) liquidated damages pursuant to New York Labor Law for these

violations; and (iii) compensation for defendants'
violation of the Wage Theft Prevention Act.

**THE PARTIES**

3.   Plaintiff Mr. Tello is an adult individual
currently residing in East Orange, New Jersey.

4.   Mr. Tello consents in writing to be a party to
this action pursuant to 29 U.S.C. § 216(b); Mr. Tello's
written consent is attached hereto and incorporated by
reference.

5.   Upon information and belief, defendant A.N.G.
Diner Corp. d/b/a Silver Spoon Diner is a New York
corporation with a principal place of business at 58-21
Junction Boulevard, Elmhurst, New York.

6.   At relevant times, defendant A.N.G. Diner Corp.
has been, and continues to be, an employer engaged in
interstate commerce and/or the production of goods for
commerce within the meaning of the FLSA, 29 U.S.C. §
207(a).

7.   Upon information and belief, defendant Halkios
Restaurant Corp. d/b/a Silver Spoon Diner was a New York
corporation with a principal place of business at 58-21
Junction Boulevard, Elmhurst, New York.

8.   At all relevant times, defendant Halkios
Restaurant Corp. was an employer engaged in interstate

commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

9. Upon information and belief, defendant A.N.G. Diner Corp. is a successor corporation to Halkios Restaurant Corp.

10. Upon information and belief, there was a substantial continuity of ownership, workforce, assets, and business between A.N.G. Diner Corp. and Halkios Restaurant Corp.

11. Upon information and belief, defendant Xiotis Rest. Corp. d/b/a Silver Spoon Diner is a New York corporation with a principal place of business at 58-21 Junction Boulevard, Elmhurst, New York.

12. At all relevant times, defendant Xiotis Rest. Corp. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 207(a).

13. Upon information and belief, at relevant times, defendants A.N.G. Diner Corp., Halkios Restaurant Corp., and Xiotis Rest. Corp. (collectively, the "Silver Spoon Defendants") have jointly operated the diner doing business as Silver Spoon Diner, and have constituted a single "enterprise" as defined in the FLSA.

14. Upon information and belief, at all relevant times, the Silver Spoon Defendants have had gross annual revenues in excess of $500,000.00.

15. Upon information and belief, at all relevant times herein, the Silver Spoon Defendants have used goods and materials produced in interstate commerce, and have employed at least two individuals who handled such goods and materials.

16. Upon information and belief, defendant George Rakitzis is an owner or part owner and principal of the Silver Spoon Defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

17. Defendant George Rakitzis was involved in the day-to-day operations of the Silver Spoon Defendants and played an active role in managing the business.

18. Upon information and belief, defendant Nick Rakitzis is an owner or part owner and principal of the Silver Spoon Defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

19. Defendant Nick Rakitzis was involved in the day-to-day operations of the Silver Spoon Defendants and played an active role in managing the business.

20. Upon information and belief, defendant Anna Maidiotis is an owner or part owner and principal of the Silver Spoon Defendants, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

21. Defendant Anna Maidiotis was involved in the day-to-day operations of the Silver Spoon Defendants and played an active role in managing the business.

22. Defendant George Rakitzis hired plaintiff and set his schedule, while George Rakitzis and Nick Rakitzis both supervised plaintiff, and George Rakitzis and Anna Maidiotis both set plaintiff's pay.

23. Defendants constituted "employers" of plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Mr. Tello's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Mr. Tello's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

25.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

26.  Pursuant to 29 U.S.C. § 207, Mr. Tello seeks to prosecute his FLSA claims as a collective action on behalf of himself and a collective defined as follows:

> All persons who are or were employed by defendants in the United States at any time since February 3, 2014, to the entry of judgment in this case (the "Collective Action Period"), and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

27.  Pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), Mr. Tello seeks to prosecute his New York Labor Law claims on behalf of himself and a class defined as follows:

> All persons who are or were employed by defendants in the United States at any time since February 3, 2011, to the entry of judgment in this case (the "Class Period"), and who were not properly paid overtime compensation, and/or who were not provided with appropriate wage notices or weekly wage statements (the "Class Members").

28. Prosecution of this matter as a class is necessary because the persons in the putative Class identified above are so numerous that joinder of all members is impracticable.

29. Although the precise number of such persons is unknown, their identities are readily ascertainable from records within the sole control of defendants, and upon information and belief there are more than 40 members of the putative class during the Class Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

30. Mr. Tello will fairly and adequately protect the interests of both the putative Class Members and the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.

31. Mr. Tello's claims are typical of the claims of the putative Class and Collective Action Members, and plaintiff has no interests that are contrary to, or in conflict with, those of the putative members of this class action or collective action.

32. Furthermore, inasmuch as the damages suffered by individual putative Class Members and Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the putative class and collective actions to individually seek redress for the wrongs done to them.

33. Questions of law and fact common to the members of the putative class and collective actions predominate over questions that may affect only individual members because defendants have acted on grounds generally applicable to all members.

34. Among the common questions of law and fact under the FLSA and New York wage and hour laws common to Mr. Tello and other putative Class/Collective Action Members are the following:

    a. Whether defendants failed and/or refused to pay Mr. Tello and the Collective Action Members premium pay for hours worked in excess of forty per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    b. Whether defendants failed and/or refused to pay Mr. Tello and the putative Class Members premium pay for hours worked in excess of forty per workweek, in violation of New York wage and hour laws and the regulations promulgated thereunder;

    c. Whether defendants failed and/or refused to provide Mr. Tello and the putative Class Members with the wage notices and weekly pay statements required by New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act;

d.  Whether defendants' violations of the FLSA were willful, or not made in good faith, as those terms are used within the context of the FLSA; and

e.  Whether defendants' violations of New York Labor Law were willful, or not made in good faith, as those terms are used within the context of New York Labor Law.

35.  Mr. Tello knows of no difficulty that will be encountered in the management of this litigation that will preclude its maintenance as a collective action or class action.

36.  The Collective Action Members are similarly situated to Mr. Tello in that they were employed by Silver Spoon Diner as non-exempt diner workers, and were denied premium overtime pay for hours worked beyond forty hours in a week.

37.  They are further similarly situated in that Silver Spoon Diner had a policy and practice of knowingly and willfully refusing to pay them overtime.

38.  Plaintiff and the Collective Action Members and Class Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by Silver Spoon Diner.

39. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## **FACTS**

40. At all relevant times herein, defendants owned and operated a diner in Queens.

41. Mr. Tello was employed at Silver Spoon Diner from approximately May 2003 to September 2016.

42. For at least the last six years, Mr. Tello has been employed as a counter person at Silver Spoon Diner; he would, inter alia, act as cashier, take phone orders, and pack delivery orders for the delivery people.

43. In addition, for approximately the last three years, Mr. Tello has split his time between working the counter and assisting in the kitchen, preparing food.

44. Mr. Tello's work was performed in the normal course of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

45. At all relevant times herein, Mr. Tello was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

46.  Mr. Tello regularly worked six days each week of his employment at Silver Spoon.

47.  On days when he worked the counter, he would work from 6:00 a.m. to 4:00 p.m., which amounted to 9½ hours per day after accounting for his half-hour meal break.

48.  On days when he worked in the kitchen, he would work from 6:00 a.m. to 3:30 p.m., or nine hours per day after accounting for his meal break.

49.  As a result, in weeks when he worked exclusively at the counter, he would work roughly 57 hours per week, while in weeks in which he split time between the counter and kitchen, he would work roughly 55½ hours per week.

50.  Defendants did not provide a time clock, sign in sheet, or any other method for Mr. Tello to track his time worked.  (On days when he worked the counter, he was required to punch in a code on the computer when he started working; however, he did not do this on days when he worked in the kitchen, and he did not punch out at the end of his shift.)

51.  Mr. Tello was paid a weekly salary during his employment at Silver Spoon.

52.  By 2011, Mr. Tello was being paid $480 per week by Silver Spoon.

53. Commencing approximately three years ago, when Mr. Tello began working part of his time in the kitchen, Silver Spoon began paying Mr. Tello $575 per week.

54. Mr. Tello received these amounts each week, regardless of the exact number of hours he worked that week.

55. Defendants' payment of a weekly salary to Mr. Tello, rather than paying them on an hourly basis, also violated 12 N.Y.C.R.R. § 146-2.5.

56. As a result, Silver Spoon Diner failed to pay Mr. Tello any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

57. Defendants' failure to pay Mr. Tello the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

58. Mr. Tello was paid in cash.

59. Until approximately three years ago, Mr. Tello was not provided with any paystubs or wage statements providing any of the information required by New York law, such as regular and overtime hours worked or regular and overtime pay.

60.   Upon information and belief, approximately three years ago the Department of Labor investigated defendants' labor practices.

61.   As a response to this investigation, Silver Spoon began providing Mr. Tello with a paystub with his cash pay.

62.   However, the information on the paystub was completely fictional; neither the hours nor the pay listed were accurate.

63.   Moreover, the paystubs did not contain all the information required by the Wage Theft Prevention Act.

64.   Defendants failed to provide Mr. Tello with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, his regular and overtime rates, and intended allowances claimed – and failed to obtain his signature acknowledging the same, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

65.   Defendants failed to provide Mr. Tello with accurate weekly records of his compensation and hours worked, in violation of the Wage Theft Prevention Act.

66.   Upon information and belief, throughout the period of Mr. Tello's employment, both before that time (throughout the Class and Collective Action Periods) and

continuing until today, defendants have likewise employed other individuals like Mr. Tello (the Class and Collective Action Members) in positions at defendants' diner that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

67. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet the diner has likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

68. Upon information and belief, these other individuals were not provided with required wage notices or accurate weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

69. Upon information and belief, while defendants employed Mr. Tello and throughout all relevant time periods, defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

70. Upon information and belief, while defendants employed Mr. Tello and through all relevant time periods,

defendants failed to post or keep posted accurate notices explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (Fair Labor Standards Act - Overtime)

71. Mr. Tello, on behalf of himself and all Collective Action Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

72. At all relevant times, defendants employed Mr. Tello and each of the Collective Action Members within the meaning of the FLSA.

73. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

74. As a result of defendants' willful failure to compensate their employees, including Mr. Tello and the Collective Action Members, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

75. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

76. Due to defendants' FLSA violations, Mr. Tello and the Collective Action Members are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**(New York Labor Law - Overtime)**

77. Mr. Tello, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

78. At all relevant times, Mr. Tello and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

79. Defendants willfully violated the rights of Mr. Tello and the members of the Class by failing to pay them full overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the

New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R § 137 and 12 N.Y.C.R.R. § 146.

80. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

81. Due to defendants' New York Labor Law violations, Mr. Tello and the members of the Class are entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT III

### (New York Labor Law – Wage Theft Prevention Act)

82. Mr. Tello, on behalf of himself and the members of the Class, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

83. At all relevant times, Mr. Tello and the members of the Class were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

84. Defendants willfully violated the rights of Mr. Tello and the members of the Class by failing to provide them with the wage notices required by the Wage Theft

Prevention Act when they were hired, or at any time thereafter.

85. Defendants willfully violated the rights of Mr. Tello and the members of the Class by failing to provide them with accurate weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

86. Due to defendants' New York Labor Law violations relating to the failure to provide wage statements, Mr. Tello and the members of the Class are entitled to recover from the defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

87. Due to defendants' New York Labor Law violations relating to the failure to provide wage notices, Mr. Tello and the members of the Class are entitled to recover from the defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Mr. Tello, on behalf of himself and the members of the collective and class actions, respectfully requests that this Court grant the following relief:

a. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of members of the Class and appointing Mr. Tello and his counsel to represent the Class;

b. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. Tello and his counsel to represent the Collective Action members;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

d. An injunction against defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

f. An award of liquidated damages as a result of defendants' willful failure to pay statutory overtime compensation pursuant to 29 U.S.C. § 216;

g. Liquidated damages for defendants' New York Labor Law violations;

h. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

i. Back pay;

j. Punitive damages;

k. An award of prejudgment and postjudgment interest;

l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m. Such other, further, and different relief as this Court deems just and proper.

Dated:  February 3, 2017

_____
David Stein
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

Attorneys for Plaintiff,
Individually and on behalf of
others similarly situated

# EXHIBIT A

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of A N G Diner a/k/a Silver Spoon Diner and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de A N G Diner a/k/a Silver Spoon Diner y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_____
Tony Tello


Date: February 2, 2017