UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
TONY TELLO, *on behalf of himself and all other persons similarly situated*,

                              Plaintiffs,

                    -against-

A.N.G. DINER CORP., d/b/a SILVER SPOON DINER, HALKIOS RESTAURANT CORP. d/b/a SILVER SPOON DINER, XIOTIS REST. CORP. d/b/a SILVER SPOON DINER, GEORGE RAKITZIS, NICK RAKITZIS, & ANNA MAIDIOTIS,

                              Defendant(s).
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
17 CV 749 (RRM) (CLP)

**POLLAK**, United States Magistrate Judge:

       On February 9, 2017, plaintiff Tony Tello, on behalf of himself and all other persons similarly situated, filed this action against defendants A.N.G. Diner Corp. d/b/a Silver Spoon Diner, Halkios Restaurant Corp. d/b/a Silver Spoon Diner, Xiotis Restaurant Corp. d/b/a Silver Spoon Diner (collectively, "Silver Spoon"), George Rakitzis, Nick Rakitzis, and Anna Maidiotis (collectively with Silver Spoon, "defendants"), seeking unpaid overtime wages, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and New York Labor Law ("NYLL") §§ 650 et seq., liquidated damages, and compensation for defendants' violation of the New York Wage Theft Prevention Act ("WTPA"). On February 12, 2018, this Court granted plaintiff's motion to certify a collective action pursuant to the FLSA. See Tello v. A.N.G. Diner Corp., No. 17 CV 749, 2018 WL 840045 (E.D.N.Y. Feb. 12, 2018), ECF No. 44.

       Currently before the Court is plaintiff's motion seeking to compel production of "all documents evidencing, concerning, or relating to a Department of Labor investigation of

1

defendant, including (1) communications between defendants and the Department of Labor; (2) any documents reflecting any settlements or agreements reached with the Department of Labor or any party as a result of the investigation; and (3) any documents reflecting any payments made to the Department of Labor ["DOL"] or any party as a result of the investigation." (See Pl.'s Ltr[1] at 2). Plaintiff contends that the defendants have admitted that the restaurant was under investigation by the DOL based on a complaint of improper pay practices; that the defendants settled the action and agreed to pay money as a result; and testified during depositions that other than hiring a payroll company, no other changes were made to the way employees were paid. (Id. at 1-2).

Defendants object to production of these documents as a "fishing expedition aimed at harassing Defendants by requesting them to produce material that is irrelevant and disproportionate to the needs of the case." (Defs.' Ltr[2] at 1). Defendants contend that the DOL investigation was initiated in March 2014 in response to inquiries filed by Nixon Tello, a former employee who challenged defendants' compliance with minimum wage and overtime requirements. (Id.) Defendants contend that they have produced certain documents regarding the DOL investigation and the witnesses were deposed as well about the investigation. (Id. at 2). They object to producing any further documentation because: 1) neither the current plaintiff Tony Tello, nor opt-in plaintiff Martinez, was included as part of the DOL investigation; 2) the DOL investigation concerned a time period that was "predominantly outside the statute of limitations relevant to the case at hand;" 3) the request is overbroad and seeks discovery

---

[1] Citations to "Pl.'s Ltr" refer to the October 20, 2017 Letter filed by plaintiffs in connection with this discovery dispute, ECF No. 40.

[2] Citations to "Defs.' Ltr" refer to the October 27, 2017 Letter filed by defendants in opposition to plaintiffs' request for discovery, ECF No. 41.

2

regarding a putative class member, Nixon Tello, who will be unable to opt-in anyway due to the settlement with the DOL; 4) the issue of whether defendants' violations were "willful" is immaterial; and 5) case law disfavors discovery of prior litigation. (Id. at 2-5).

Having considered the parties' respective arguments and reviewed the cases cited, the Court finds that the scope of the DOL investigation, what defendants were told about their obligations, and what steps they may have agreed to take as part of a settlement is likely to lead to the discovery of admissible evidence. This case was filed on February 9, 2017. (See generally Compl., Feb. 9, 2017, ECF No. 1). To the extent that the defendants contend that the time period covered by the DOL investigation is "predominantly" outside the scope of this case, the Court observes that the plaintiffs' claims under the New York Labor Law extend back six years to February 9, 2011. See N.Y. Lab. Law § 663(3) (establishing a six year statute of limitations for claims brought under the New York Labor Law). The DOL investigation covered 2005 through August 2011. (Pl.'s Ltr at 3). Thus, the claims here are within the time period covered by the investigation.

More importantly, however, evidence of the DOL's investigation and communications with defendants goes to the credibility of any denial that they engaged in any unlawful conduct with respect to the plaintiff and opt-in plaintiffs in this case, particularly in light of the witnesses' testimony that apart from hiring a payroll administrator, they took no further steps to alter their pay practices. Thus, in this case, the information is not only relevant as to the willfulness of defendants' conduct, but also bears on an issue central to their liability to these plaintiffs: if the defendants previously were told the ways in which their pay practices were in violation of the law and they took no steps to correct those violations, they have no defense to liability here. It is for this reason that the Court finds that this case is distinguishable from the cases cited by the

defendants in which courts have held that discovery with respect to prior litigation is not relevant. See Fed. R. Civ. P. 26(b)(1) (providing that a party may discover documents and information "relevant to any party's claim *or defense*") (emphasis added).

Finally, to the extent that defendants have argued that production of the information requested by plaintiffs is overbroad and disproportionate to the needs of the case, defendants have failed to provide the Court with any information as to the number of documents or materials encompassed by the request such that the Court could determine that the burden of producing this information outweighs its value to the case. "The party resisting discovery bears the burden of demonstrating that the discovery sought is burdensome or expensive [and] must also show that the burden or expense is unreasonable in light of the benefits to be secured from the discovery." Martinez v. City of New York, No. 16 CV 79, 2017 WL 6403512, at *1 (E.D.N.Y. Dec. 14, 2017) (citation and quotation marks omitted). Generalized objections are insufficient to defeat discovery; instead, the party seeking to avoid discovery must make an appropriate showing "by submitting affidavits or some detailed explanation as to the nature of the claimed burden." Id.; see also Chen-Oster v. Goldmans, Sachs & Co., 285 F.R.D. 294, 303-08 (S.D.N.Y. 2012) (observing that a specific, detailed showing of burden or expense is the starting point for a proportionality analysis under Rule 26). The defendants have failed to make any showing sufficient to resist discovery on the grounds of proportionality.

Accordingly, defendants are Ordered to produce to plaintiffs by May 2, 2018 the following: All documents evidencing, concerning, or relating to a Department of Labor investigation of defendant, including (1) communications between defendants and the Department of Labor; (2) any documents reflecting any settlements or agreements reached with the Department of Labor or any party as a result of the investigation; and (3) any documents

reflecting any payments made to the Department of Labor or any party as a result of the investigation.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 18, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York