

ATTORNEYS AT LAW

**NEW YORK**
1010 Avenue of the Americas
New York, New York 10018
Telephone (212) 213-8844
Facsimile (212) 213-3318

**NEW JERSEY**
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile (973) 379-0048

WWW.ALLYNFORTUNA.COM

July 16, 2020

*Via Electronic Case Filing*
Judge Rachel P. Kovner
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: *Tello et. al.. v. A.N.G. Diner Corp., et al.*
     *Case No. 17-Civ-00749(RPK) (CLP)*

Dear Judge Kovner:

  We represent the defendants in the above-referenced action. During a telephone conference held on June 30, 2020, the Court scheduled this matter for a virtual trial, beginning September 8, 2020. The Plaintiffs' attorney requested that the direct examination be submitted by affidavit. The Defendants object to having the witnesses avoid providing live direct testimony by submitting an affidavit. We think that this situation warrants requiring that the witnesses testify on direct.

  Conducting a trial virtually is not the same as conducting a trial where testimony is taken in the same room as the factfinder. See *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005), *cert. denied*, 547 U.S. 1192, 126 S.Ct. 2862. Further, "[v]ideoconference proceedings have their shortcomings." *Id.* " '[V]irtual reality is rarely a substitute for actual presence and ... even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent than actually attending it.' " Id. (quoting *United States v. Lawrence*, 248 F3d. 300, 304 (4th Cir. 2001)). Important aspects of testimony useful to evaluating credibility and persuasiveness, such as " '[t]he immediacy of a living person' " can be lost with video technology, and the " 'ability to observe demeanor, central to fact-finding process, may be lessened[.]' " *Id.* Accordingly, to further attenuate the testimony by permitting direct testimony by affidavit undermines the ability of the Defendants to get a fair evaluation of the evidence by the fact-finder.

  In the case at hand, the facts and circumstances giving rise to the plaintiffs' claims are in sharp dispute. A necessary component of this case is a determination of what occurred after hearing competing versions. The defendants recognize that the court has wide latitude to determine the presentation of evidence. Nevertheless, the defendants assert that efficiency of the trial should not take precedence over fairness to the parties. The Court has already accommodated the Plaintiffs by permitting the trial to go forward as a virtual trial. And as the

cases demonstrate, there is a loss incurred in the ability to fully evaluate the witnesses' testimony when done by video conference. Given that, the Defendants do not think that the Plaintiffs should be permitted to meet their burden of proof by submitting affidavits drafted by attorneys in a language that is not the witnesses own. (The Plaintiffs' attorney stated during the conference that the Plaintiffs require a Spanish interpreter to testify.) If the Plaintiffs have a claim, they should be required to state it in their own words with direct testimony in this case. This is not a situation where it is a single witness presenting one aspect of the case by affidavit, such as an expert, the Plaintiffs are seeking to prove their entire case through written affidavits prepared by their attorney. Affidavits or edited testimony would be inaccurate, one-sided, and incapable of being tested by cross-examination. F.R.C.P 43's strong preference for live testimony would allow the factfinder to observe a witness's demeanor in order to determine the veracity of the testimony. See *Moore's Federal Practice § 43.02*.

For the reasons stated herein, we request that the court require the witnesses to provide direct evidence by oral testimony.

Respectfully submitted,

Nicholas Fortuna

Cc.: Plaintiffs' counsel (via ecf)