# SAMUEL & STEIN

ATTORNEYS AT LAW

38 WEST 32ND STREET, SUITE 1110, NEW YORK, NY 10001
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.samuelandstein.com

**DAVID STEIN**
dstein@samuelandstein.com

July 16, 2020

ADMITTED IN
NY, NJ, PA, IL, DC

**VIA ECF**

Hon. Rachel P. Kovner, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4E-N
Brooklyn, NY 11201

      Re:    **Tello v. A.N.G. Diner Corp. d/b/a Silver Spoon Diner, et al.**
              *Case Number 17-cv-749 (RPK) (CLP)*

Dear Judge Kovner:

      We represent named plaintiff Tony Tello and FLSA opt-in plaintiffs Salvador Martinez, Blas Gomez, Deciderio Leal, Jose Guadalupe Lopez, and Santiago Vasquez in the above-captioned matter, and we write with respect to the upcoming trial in this matter, in response to defendants' letter of today's date.

      As Your Honor will likely recall, on June 30, 2020, there was a status conference in this case, at which time plans for the trial were set. Specifically, Your Honor set down a schedule for pretrial filings as well as the trial itself, and also made certain rulings about the manner in which the trial would be conducted. For the purposes of this letter, the two relevant rulings were that the trial would be conducted via teleconference rather than delaying it indefinitely until it could be conducted in person in the courtroom, and that direct testimony would be taken via trial affidavits.

      However, after the call had concluded, we realized that Your Honor had not set a deadline by which to submit those affidavits, and so we reached out to defendants' counsel last week to try to come to agreement on a joint proposed submission schedule. Today, however, defendants' counsel abruptly told us that defendants had a belated change of heart and wanted to revisit Your Honor's decision and instead require live direct testimony.

      Plaintiffs disagree with defendants' request. Defendants' only argument in support is that credibility will be at issue in the trial. But that is true of all trials — if credibility were not a factor, the cases would be resolvable via summary judgment — and the defendants will be able to cross-examine plaintiffs to their hearts' content (as well as vice versa) during which the Court will have a full opportunity to assess witness credibility. (Moreover, because the burden of

Hon. Rachel P. Kovner, U.S.D.J.
July 16, 2020
Page 2 of 2

proof is on the plaintiffs, to the extent that this process makes persuasion more difficult, it will redound to the benefit of defendants.)

The process of utilizing trial affidavits for direct testimony in bench trials is not an arcane notion that plaintiffs dreamed up; a significant number of judges permit it.[1] Plaintiffs submit that this procedure should be used here, not as a means for their witnesses to avoid scrutiny — as noted, cross-examination will proceed live — but to streamline this trial. At a minimum, there will be nine witnesses — six plaintiffs (testifying with interpreters) and three defendants — and as many as thirteen total, if defendants' other proposed witnesses are permitted to be called. (Some of those additional four witnesses may also need interpreters.) If each witness testifies live for both direct and cross examination, we fear that this trial could easily extend in excess of a week, as we suspect that we would not get through more than two witnesses per day. Plaintiffs, unlike defendants, are not self-employed and cannot set their own schedules; we seek to minimize the burden on them as much as is reasonably possible by making the trial as efficient as possible.

In that vein, we would respectfully request that the Court adhere to its prior decision and permit direct testimony to be submitted via affidavit. Plaintiffs propose that those affidavits be due to the Court by Thursday, August 27, so that both Your Honor and the parties have sufficient time to review the same prior to trial.

We thank the Court for its attention to this matter and are available at Your Honor's convenience in the event that the Court has any questions.

Respectfully submitted,

David Stein

cc: Nicholas Fortuna, Esq. (via ECF)

---

[1] Indeed, in the Southern District, numerous judges do not just permit, but actually *require* this approach for all bench trials, including Judges Abrams, Batts, Berman, Briccetti, Castel, Cote, Engelmayer, Failla, Gardephe, Furman, Halpern, Kaplan, McMahon, Nathan, Ramos, Román, Seibel, Torres, Vyskocil, Wood, and Woods.